**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZIYAD ABUGHAIDA, | **Hon. William J. Martini** |
| Petitioner, | Civil No. 06-3954 (WJM) |
| v. | |
| GEORGE O. ROBINSON, et al., | **O P I N I O N** |
| Respondents. | |

**APPEARANCES:**

> ZIYAD ABUGHAIDA, #740625C
> Southern State Correctional Facility
> P.O. Box 150
> Delmont, New Jersey  08314
> Petitioner Pro Se

**MARTINI, District Judge**

Ziyad Abughaida filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction in the Superior Court of New Jersey.  For the reasons expressed below, this Court will summarily dismiss the Petition for lack of subject matter jurisdiction.

### I.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  As the Supreme Court explained,

> Habeas Rule 2(c) . . . provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground.  See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently

contained mere conclusions of law,
unsupported by any facts.  [But] it is the
relationship of the facts to the claim
asserted that is important . . . .");
Advisory Committee's Note on Habeas Corpus
Rule 4, 28 U.S.C., p. 471 ("'[N]otice'
pleading is not sufficient, for the petition
is expected to state facts that point to a
real possibility of constitutional error."
(internal quotation marks omitted)) . . . .
A prime purpose of Rule 2(c)'s demand that
habeas petitioners plead with particularity
is to assist the district court in
determining whether the State should be
ordered to "show cause why the writ should
not be granted."  § 2243.  Under Habeas
Corpus Rule 4, if "it plainly appears from
the petition . . . that the petitioner is not
entitled to relief in district court," the
court must summarily dismiss the petition
without ordering a responsive pleading.

Mayle v. Felix, 125 S. Ct. 2562, 2570 (2005).

     "Federal courts are authorized to dismiss summarily any

habeas petition that appears legally insufficient on its face."

McFarland, 512 U.S. at 856.  Dismissal without the filing of an

answer or the State court record is warranted "if it appears on

the face of the petition that petitioner is not entitled to

relief."  Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert.

denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at

856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)

(habeas petition may be dismissed where "none of the grounds

alleged in the petition would entitle [the petitioner] to

relief").[1]

---

     [1] For example, the Third Circuit has held that vague and
                                              (continued...)

2

## II.   BACKGROUND

Petitioner challenges a judgment of conviction entered on June 4, 2004, in the Superior Court of New Jersey, Law Division, Bergen County, after a jury convicted him of second-degree robbery in violation of N.J. Stat. Ann. § 2C:15-1(b).  The Law Division sentenced Petitioner to a nine-year term of imprisonment, with an 85% period of parole ineligibility pursuant to the No Early Release Act, N.J. Stat. Ann. § 2C:43-7.2.  Petitioner appealed.  In an opinion filed March 8, 2006, the Appellate Division of the Superior Court of New Jersey affirmed the conviction and remanded the matter for resentencing pursuant to State v. Natale, 184 N.J. 458 (2005).  See State v. Abughaida, 2006 WL 552494 (N.J. Super., App. Div., March 8, 2006).  On July 19, 2006, the New Jersey Supreme Court denied certification.  See State v. Abughaida, 188 N.J. 220 (2006) (table).  The Petition does not specify the sentence imposed by the Law Division on remand.

Petitioner executed the Petition which is now before the Court on August 5, 2006.  The Clerk received it on August 21,

---

[1](...continued)
conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court. Thomas, 221 F.3d at 437; United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

3

2006.  The Petition presents three grounds [2], which are set forth below verbatim:

> Ground One:  PERMITTING THE STATE TO ELICIT TESTIMONY FROM NON-WITNESSES THAT THE COMPOSITE SKETCH RESEMBLED PETITIONER VIOLATED HIS RIGHT TO A FAIR TRIAL.
>
> Supporting FACTS:  The trial court allowed non-eyewitnesses to testify that a composite sketch shown to them by police resembled petitioner.  This non-eyewitness testimony prejudiced the jury and violated petitioner's constitutional right to a fair trial.
>
> Ground Two:  THE TRIAL COURT VIOLATED PETITIONER'S CONSTITUTIONAL RIGHT BY FAILING TO CHARGE THE LESSER-INCLUDED OFFENSE OF THEFT.
>
> Supporting FACTS:  The court failed to charge the requested jury instruction on lesser-included offense of theft from a person in violation of petitioner's constitutional right to a fair trial.
>
> Ground Three:  THE SENTENCE IMPOSED WAS UNCONSTITUTIONAL PURSUANT TO BLAKELY V. WASHINGTON; U.S. V. BOOKER.

---

[2] The Court did not notify Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and did not give him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  The form petition which Petitioner filed warns Petitioner that he must exhaust state court remedies for each ground and that, "if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date." (Pet. ¶ 12.)  Also, there are no exhausted claims which Petitioner could add to the Petition before the Court as Petitioner raised the same three claims which he raises in this Petition before the New Jersey courts on direct appeal, and Petitioner has not filed a state petition for post conviction relief.  Cf. United States v. Chew, 284 F.3d 468 (3d Cir. 2002) (Miller/Mason notice is not required where the petition was already time-barred at the time of filing).

> Supporting FACTS:  The sentence imposed was
> based on facts not proven beyond a reasonable
> doubt in violation of petitioner's sixth
> amendment right.  New Jersey Supreme Court
> has found that the "presumptive" term is in
> fact the statutory maximum consistent with
> the U.S. Supreme Court's decision in Blakely
> v. Washington and U.S. v. Booker. (State v.
> Natale, 184 N.J. 458)

(Pet. ¶ 12, Grounds One to Three.)

### III.  DISCUSSION

A.  Jurisdiction

Section 2254(a) of Title 28 of the United States Code gives the Court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an
> application for a writ of habeas corpus in
> behalf of a person in custody pursuant to the
> judgment of a State court only on the ground
> that he is in custody in violation of the
> Constitution or laws or treaties of the
> United States.

28 U.S.C. § 2254(a).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus

5

Practice and Procedure § 8.1 (4th ed. 2001).  Petitioner
satisfies the status requirement because, according to the
Petition, he is in custody of the State of New Jersey pursuant to
a state criminal conviction.

The question here is whether the Petition asserts violation
of a constitutional or federal right.  "In conducting habeas
review, a federal court is limited to deciding whether a
conviction violated the Constitution, laws, or treaties of the
United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991);
28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation
Dept., 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no
supervisory authority over state judicial proceedings and may
intervene only to correct wrongs of constitutional dimension."
Smith v. Phillips, 455 U.S. 209, 221 (1982).

In reviewing a habeas petition, a federal court is not
permitted to address a federal constitutional claim pertinent to
the facts of the case unless the petitioner asserts the claim as
a ground for relief.[3]  Nor may the Court recharacterize a ground

---

[3] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96
(1993) (where habeas petition raised claim that the police had
elicited petitioner's statements without satisfying Miranda, the
district court erred when it "went beyond the habeas petition and
found the statements [petitioner] made after receiving the
Miranda warnings to be involuntary under due process criteria");
Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where
petition contains ground asserting the ineffective assistance of
counsel during plea negotiations and trial, court is not
permitted to  consider ground, evident from the facts but not
raised in the petition, that appellate counsel was ineffective by
(continued...)

asserted under state law as a federal constitutional claim.[4]
Moreover, "errors of state law cannot be repackaged as federal
errors simply by citing the Due Process Clause." <u>Johnson v.
Rosemeyer</u>, 117 F.3d 104, 110 (3d Cir. 1997).  And "it is well
established that a state court's misapplication of its own law
does not generally raise a constitutional claim." <u>Smith v. Horn</u>,
120 F.3d 400, 414 (3d Cir. 1997) (citations and internal
quotation marks omitted); <u>see also</u> <u>Smith v. Zimmerman</u>, 768 F.2d
69, 71, 73 (3d Cir. 1985).

The Petition presents three claims.  In Ground One, the
Petitioner challenges the admission of evidence.  As factual
support, Petitioner asserts that the admission of testimony from
persons who were not eyewitnesses that a composite sketch
resembled Petitioner violated his constitutional right to a fair
trial.

The admissibility of evidence is a question of state law
which is not cognizable under habeas review.  <u>See</u> <u>Estelle</u>, 502

---

[3](...continued)
failing to advise petitioner that he faced a longer sentence by
appealing the conviction).

[4] <u>See</u> <u>Engle v. Isaac</u>, 456 U.S. 107 119-20 & n.19 (1982)
(insofar as petitioners simply challenged the correctness of the
self-defense instructions under state law, their petitions
alleged no deprivation of federal rights and § 2254 was
inapplicable); <u>Kontakis v. Beyer</u>, 19 F.3d 110, 116-17 & n.10 (3d
Cir. 1994) (where petitioner asserted in § 2254 petition that the
exclusion of testimony violated his rights under state law,
federal court may not consider ground, not set forth in the
petition, that exclusion of the testimony violated his federal
due process rights).

U.S. at 68 (incorrect admission of evidence under state law does not violate due process); <u>Keller v. Larkins</u>, 251 F.3d 408, 416 n.2 (3d Cir. 2001) ("A federal habeas court, however, cannot decide whether the evidence in question was properly allowed under the state law of evidence"); <u>Hickey v. Jeffes</u>, 571 F.2d 762, 766 (3d Cir. 1978) ("As to the contention that the trial court erred in admitting the victim's testimony of a prior flirtatious conversation, we find that, if there was any error in the court's ruling . . . that error was at best one of interpretation of the state's law of evidence and did not arise to constitutional dimensions").  Because the admission of the testimony of persons who were not eyewitnesses is a question of state law, this Court lacks jurisdiction over Ground One.

In Ground Two, Petitioner challenges the failure to instruct the jury on a lesser-included offense of theft from a person violated his constitutional right to a fair trial.

A habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions" or demonstrate that the jury "instructions deprived him of a defense which federal law provided to him." <u>Johnson v. Rosemeyer</u>, 117 F.3d 104, 110 (3d Cir. 1997); <u>see also</u> <u>Estelle</u>, 502 U.S. at 71-75.  As the Third Circuit explained,

> It thus follows that for the error of
> state law in the justification instructions,
> assuming that there was an error, to be

8

> meaningful in this federal habeas corpus
> action, there would have to be a body of
> federal law justifying the use of deadly
> force which is applicable in a state criminal
> action charging an offense based on the
> defendant's use of that force. Then the error
> in the jury instructions would be significant
> if the instructions did not satisfy that body
> of law. Put in a different way, the jury
> instructions on justification, even if
> correct under state law, would need to have
> relieved the state of the necessity of
> proving an element of the offense as required
> by federal law or to have deprived the
> petitioner of a defense the state had to
> afford him under federal law in order to be
> significant in a federal habeas corpus
> action. If we concluded that a petitioner
> could obtain habeas corpus relief without
> making such a showing, then district courts
> in habeas corpus cases would sit as super
> state supreme courts for the purpose of
> determining whether jury instructions were
> correct under state law with respect to the
> elements of an offense and defenses to it.

Johnson, 117 F.3d at 110.

Petitioner is not entitled to habeas relief on Ground Two because he does not point to a federal requirement that jury instructions must include the requested provisions, nor does he show that the absence of these instructions deprived him of a defense which federal law provided to him.  See Johnson, 117 F.3d at 111.  Because Ground Two does not assert violation of federal law, this Court lacks jurisdiction over Ground Two.

In Ground Three, citing Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 (2005), and State v. Natale, 184 N.J. 458 (2005), Petitioner asserts that the sentence violated the Sixth Amendment because it was based on

9

facts not proved beyond a reasonable doubt.  Ground Three asserts

violation of the Sixth Amendment [5], but Petitioner is not

entitled to habeas relief because he prevailed on this claim in

the Appellate Division, which remanded for resentencing:

> Defendant also contends that the nine-year
> prison sentence he received for second-degree
> robbery is unconstitutional.  We need not
> analyze this issue, however, because the
> State conceded at oral argument that a remand
> is appropriate in light of recent decisions.
> See State v. Natale, 184 N.J. 458 (2005) . .
> . .

---

[5] The Supreme Court's decision in Blakely evolved from
Apprendi v. New Jersey, 530 U.S. 466 (2000).  In Apprendi, the
Supreme Court determined that Apprendi had a constitutional right
to have a jury, rather than a judge, find bias because the
finding was necessary to support an enhanced sentence under the
New Jersey hate crimes law.  The Supreme Court reversed
Apprendi's sentence pursuant to the principle that, "under the
Due Process Clause of the Fifth Amendment and the notice and jury
trial guarantees of the Sixth Amendment, any fact (other than
prior conviction) that increases the maximum penalty for a crime
must be charged in an indictment, submitted to a jury, and proven
beyond a reasonable doubt." Apprendi, 530 U.S. at 476 (quoting
Jones, 526 U.S. at 243 n.6).  In 2002, the Supreme Court held in
Ring v. Arizona, 536 U.S. 584 (2002), that imposition of the
death penalty under Arizona law violated Apprendi because the
trial judge determined the presence or absence of aggravating
factors required by Arizona law for imposition of the death
penalty.  Ring, 536 U.S. at 602.  In 2004, the Blakely Court
determined that application of Washington's sentencing guidelines
violated the defendant's rights under Apprendi because "the
'statutory maximum' for Apprendi purposes is the maximum sentence
a judge may impose solely on the basis of the facts reflected in
the jury verdict or admitted by the defendant." Blakely, 124
S.Ct. at 2537 (emphasis in original).  In United States v.
Booker, 543 U.S. 220 (2005), the Supreme Court determined that
application of the Federal Sentencing Guidelines violates the
Sixth Amendment because the guidelines require the judge to
enhance the sentence based on the judge's determination of facts
that were not found by the jury or admitted by defendant.  In
Natale, the New Jersey Supreme Court applied Blakely to New
Jersey's Code of Criminal Justice.

State v. Abughaida, 2006 WL 552494 *8 (N.J. Super. Ct., App. Div., March 8, 2006).  Because Petitioner already won on Ground Three in the Appellate Division, Ground Three does not present a cognizable claim.

To summarize, this Court lacks jurisdiction over Grounds One and Two because they do not assert federal claims.  Although Ground Three asserts a Sixth Amendment claim, the claim is not cognizable because the Appellate Division granted Petitioner relief (vacated the sentence) on this ground.  As these are the only grounds which Petitioner exhausted before the New Jersey courts, there are no federal claims which Petitioner could add to his Petition at this time that would permit habeas relief.  See 28 U.S.C. § 2254(b); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted state court remedies for all grounds presented in the petition or such process is unavailable or ineffective to protect the petitioner's rights).  This Court will accordingly dismiss the Petition for lack of jurisdiction.

B.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for lack of subject matter jurisdiction, and denies a certificate of appealability.

s/William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**

Dated: September 12, 2006