<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ZIYAD ABUGHAIDA, | : | **Hon. William J. Martini** |
| Petitioner, | : | Civil No. 06-3954 (WJM) |
| v. | : |  |
| GEORGE O. ROBINSON, et al., | : | <u>O P I N I O N</u> |
| Respondents. | : |  |

**APPEARANCES**:

    ZIYAD ABUGHAIDA, #740625C
    Southern State Correctional Facility
    P.O. Box 150
    Delmont, New Jersey  08314
    Petitioner <u>Pro Se</u>

    ANNMARIE COZZI, Assistant Prosecutor
    JOHN L. MOLINELLI, BERGEN COUNTY PROSECUTOR
    Bergen County Justice Center
    Hackensack, New Jersey 07601
    Attorneys for Respondents

<u>MARTINI</u>, District Judge

    Ziyad Abughaida filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction in the Superior Court of New Jersey.  By Opinion and Order entered September 13, 2006, this Court summarily dismissed the Petition for lack of jurisdiction and denied a certificate of appealability.  On June 25, 2007, the Court of Appeals issued an Order in lieu of a formal mandate summarily remanding the matter to this Court with instructions to consider the habeas claims with the benefit of the state court record.  Respondents

thereafter filed an Answer and copy of the state court record.  For the reasons expressed below, this Court will dismiss the Petition and decline to issue a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on June 4, 2004, and amended April 10, 2006, in the Superior Court of New Jersey, Law Division, Bergen County, after a jury convicted him of the lesser included offense of second-degree robbery in violation of N.J. STAT. ANN. § 2C:15-1(b).  After finding four aggravating factors and no mitigating factors, the Law Division judge sentenced Petitioner to a nine-year term of imprisonment, with an 85% period of parole ineligibility pursuant to the No Early Release Act, N.J. STAT. ANN. § 2C:43-7.2.  Petitioner appealed.  In an opinion filed March 8, 2006, the Appellate Division of the Superior Court of New Jersey affirmed the conviction but remanded the matter for resentencing pursuant to State v. Natale, 184 N.J. 458 (2005), and Blakely v. Washington, 542 U.S. 296 (2004).  See State v. Abughaida, Docket No. A-6174-03T1 slip op., p. 20 (N.J. Super., App. Div., March 8, 2006).  On April 10, 2006, on remand, the Law Division judge exercised discretion to resentence Petitioner to the same nine-year term, with an 85% period of parole ineligibility.  On July 19, 2006, the New Jersey Supreme Court denied certification.  See State v. Abughaida, 188 N.J. 220 (2006) (table).

Petitioner executed the Petition which is now before the Court on August 5, 2006.  The Clerk received it on August 21, 2006.  By Order and accompanying Opinion filed September 12, 2006, this Court summarily dismissed the Petition for lack of subject matter jurisdiction and denied a certificate of appealability.  This Court found that Grounds One and Two did not present

federal claims and, although Ground Three raised a federal claim, the claim was not cognizable because Petitioner prevailed before the Appellate Division on this ground.

Petitioner filed a timely notice of appeal. On June 25, 2007, the Court of Appeals issued the following Order in lieu of a formal mandate:

> In our April 24, 2007 order , we noted that it appears from the record that the appellant's habeas petition contains claims expressed as constitutional violations, as well as allegations that the claims were exhausted in state court. In the absence of the appellant's state court record, we are unable to assess whether the District Court was correct in its determination that the appellant is not entitled to any federal habeas relief. As such, we granted appellant's request for a certificate of appealability and directed the parties to show cause within fourteen days of the date of our order why the District Court's order entered September 13, 2006 should not be vacated and the case summarily remanded pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6. We have considered the responses by the parties. We remand the matter to the United States District Court for the District of New Jersey with instructions to consider the habeas claims with the benefit of the state court record, including the appellant's state court briefs, within the course of further proceedings on the habeas petition. We express no opinion regarding the exhaustion, procedural default, or merits of the appellant's habeas claims.

Abughaida v. Robinson, C.A. Docket No. 06-4395 order (3d Cir. June 25, 2007).

This Court thereafter reopened the case and gave Petitioner an opportunity, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to withdraw the Petition and file one all-inclusive Petition. Petitioner asked this Court to rule on the Petition "as is," with the benefit of the state court record. The Petition raises the same grounds Petitioner raised on direct appeal in the state courts, including the ground on which he prevailed in the Appellate Division:

> Ground One: PERMITTING THE STATE TO ELICIT TESTIMONY FROM NON-[EYE]WITNESSES THAT THE COMPOSITE SKETCH RESEMBLED PETITIONER VIOLATED HIS RIGHT TO A FAIR TRIAL.

3

>Supporting FACTS:  The trial court allowed non-eyewitnesses to testify that a composite sketch shown to them by police resembled petitioner.  This non-eyewitness testimony prejudiced the jury and violated petitioner's constitutional right to a fair trial.
>
>Ground Two:  THE TRIAL COURT VIOLATED PETITIONER'S CONSTITUTIONAL RIGHT BY FAILING TO CHARGE THE LESSER-INCLUDED OFFENSE OF THEFT.
>
>Supporting FACTS:  The court failed to charge the requested jury instruction on lesser-included offense of theft from a person in violation of petitioner's constitutional right to a fair trial.
>
>Ground Three:  THE SENTENCE IMPOSED WAS UNCONSTITUTIONAL PURSUANT TO BLAKELY V. WASHINGTON; U.S. V. BOOKER.
>
>Supporting FACTS:  The sentence imposed was based on facts not proven beyond a reasonable doubt in violation of petitioner's sixth amendment right.  New Jersey Supreme Court has found that the "presumptive" term is in fact the statutory maximum consistent with the U.S. Supreme Court's decision in Blakely v. Washington and U.S. v. Booker. (State v. Natale, 184 N.J. 458)

(Pet. ¶ 12, Grounds One to Three.)

This Court ordered Respondents to file an answer and copy of the state court record, and gave Petitioner 45 days to file a reply to the answer.  On November 19, 2007, Respondents filed an Answer, arguing that the Petition should be dismissed on the merits, together with the state court record, including the appellate briefs and the transcripts.  Although given 45 days to do so, Petitioner did not file a reply to the Answer.

## II.  STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)).  The petition must specify

4

all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested.  See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."  Smith v. Phillips, 455 U.S. 209, 221 (1982).  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable."  Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).  Moreover, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."  Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a

ground for relief.[1]  Nor may the court recharacterize a ground asserted under state law into a federal constitutional claim.[2]  "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."  Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).  Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim."  Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

The AEDPA limits a federal court's authority to grant habeas relief when a state court has adjudicated petitioner's federal claim on the merits.  See 28 U.S.C. § 2254(d).  Where a federal claim was "adjudicated on the merits" in state court proceedings, the writ must be denied unless adjudication of the claim either involved an unreasonable application of clearly established federal law, or was based on unreasonable determination of the facts in light of the evidence before the state court.  See 28 U.S.C. § 2254(d).  Specifically, § 2254(d) provides:

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

> (d) An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The unreasonableness standards of § 2254(d) govern only claims that were "adjudicated on the merits in State Court proceedings." 28 U.S.C. § 2254(d). "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (citations and internal quotation marks omitted), reversed on other grounds sub nom. Rompilla v. Beard, 545 U.S. 374 (2005); see also Rolan v. Vaughn, 445 F. 3d 671, 678 (3d Cir. 2006) ("Here, because the PCRA appellate court found that Vargas was not willing to testify at the guilt phase of Rolan's trial, its decision to deny habeas relief on that basis constituted an adjudication on the merits"). A state court may render an adjudication on the merits of a federal claim by rejecting the claim without any discussion whatsoever. See Rompilla, 355 F.3d at 247. On the other hand, "[i]f the petitioner's legal claims were presented but not addressed by the state courts, 28 U.S.C. § 2254(d) does not apply, and federal courts undertake a de novo review of the claim." Rolan, 445 F. 3d at 678.

As the New Jersey courts adjudicated petitioner's claims on the merits, this court may not grant relief unless either § 2254(d)(1) or § 2254(d)(2) is satisfied. See 28 U.S.C. § 2254(d). Accordingly, this court may not grant habeas relief to petitioner unless the adjudication of a federal claim by the New Jersey courts involved an unreasonable application of clearly established Supreme Court law, see 28 U.S.C. § 2254(d)(1), or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding and petitioner is in custody in violation of the Constitution or laws or treaties of the United States, see 28 U.S.C. § 2254(a), (d)(2). A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412; see also Carey v. Musladin, 127 S. Ct. 649, 653 (2006) ("federal habeas relief may be granted here if the California Court of Appeal's decision was contrary to or involved an unreasonable application of this Court's applicable holdings"). A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme]

8

Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.  For example, in Carey v. Musladin, the court reversed the granting of a writ, holding that where "[n]o holding of this Court required the California Court of Appeal to apply the test of Williams and Flynn to the spectators' conduct . . . , the state court's decision was not contrary to or an unreasonable application of clearly established federal law." Carey, 127 S. Ct. at 654.[3]  In addition, whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.[4]  Id. at 409-10; see also Thomas v. Varner, 428 F. 3d 491, 497 (3d Cir. 2005).  Thus, "[t]he federal *habeas* court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Outten v. Kearney, 464 F. 3d 401, 414 (3d Cir. 2006) (citation and internal quotation marks omitted).

### III.  DISCUSSION

A.  Testimony Regarding Composite Sketch

In Ground One, Petitioner contends that "PERMITTING THE STATE TO ELICIT TESTIMONY FROM NON-[EYE]WITNESSES THAT THE COMPOSITE SKETCH RESEMBLED PETITIONER VIOLATED HIS RIGHT TO A FAIR TRIAL."  (Pet. ¶ 12,

---

[3] See also Wright v. Van Patten, 128 S. Ct. 743, 747 (2008) ("Because our cases give no clear answer to the question presented, let alone one in [petitioner's] favor, it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law") (citation and internal quotation marks omitted).

[4] "[D]ecisions of federal courts below the level of the United States Supreme Court may be helpful to [a court] in ascertaining the reasonableness of state courts' application of clearly established United States Supreme Court precedent, as well as helpful amplifications of that precedent." Marshall v. Hendricks, 307 F.3d 36, 71 n.24 (3d Cir. 2002) (citations and internal quotation marks omitted).

Ground One.)  Petitioner raised Ground One before the New Jersey courts on direct appeal, arguing that the testimony of three witnesses to the effect that the composite sketch of the suspect resembled Petitioner, was irrelevant and inadmissible under Rule 401 of the New Jersey Rules of Evidence, and clearly presented a risk of undue prejudice and confusion under Rule 403(a). Relying on federal cases involving federal criminal prosecutions such as United States v. Butcher, 447 F. 2d 666 (6th Cir. 1977); United States v. Calhoun, 544 F. 2d 291 (6th Cir. 1976); United States v. Begay, 42 F. 3d 486 (9th Cir. 1994); and United States v. Holmes, 229 F. 3d 782 (9th Cir. 2000), Petitioner argued in his state court appellate brief that the he was denied his right to a fair trial by the state's use of inadmissible evidence (about his resemblance to the composite sketch) to bolster the identification testimony of two eyewitnesses.  Respondents argue that the admission of the challenged evidence does not violate due process because, in light of the overwhelming evidence of Petitioner's guilt and the relevance of the evidence in establishing the sequence of events, the admission of the sketch testimony was not fundamentally unfair.

     The Appellate Division rejected Ground One as follows:

> In this case, the trial court did not commit error by admitting the challenged testimony.  Because the Kulesas and Marambio each knew defendant and testified that the composite sketch looked like him, the testimony was clearly relevant to show that the composite sketch, which resembled the person who committed the robbery, also resembled defendant . . . .  The testimony was also important to establish the sequence of events that ultimately led to defendant's arrest.  After the Kulesas and Marambio told Officer Korin that the composite sketch looked like defendant, Korin's investigation began to focus on defendant.  Morever, any possible prejudice to defendant resulting from the composite sketch testimony was minimized because the jury was able to compare the composite sketch to defendant and determine for itself whether the sketch looked like him . . . .  And the probative value of the testimony regarding the composite sketch was not substantially

> outweighed by any of the countervailing factors enumerated in N.J.R.E. 403(a).
>
> Even assuming that the testimony regarding the composite sketch was erroneously admitted, the trial court correctly characterized the weight of the State's evidence against defendant as "overwhelming." Generally, if the error is not of constitutional dimension, there will be no finding of plain error where the State presents overwhelming evidence of defendant's guilt . . . .
>
> In this case, the victim, Linda Dabak, positively identified defendant as the person who forcibly took the box of money from her on August 1, 2001. In addition, Mark Petrucelli identified defendant as the man he saw, around the time of the robbery, running with a bulky object under his arm, as he was being chased by a police officer. Dabak and Petrucelli also identified defendant's photograph from a photo array on October 4, 2001. There was also substantial evidence linking defendant to the getaway car, and defendant failed to appear at his place of employment on the day of the robbery. In addition, defendant was a friend of Rocco DeCicco., Jr., son of Dabak's former employee, Rocco DeCicco, Sr., who was "hovering in the warehouse" and talking on the telephone immediately before Dabak left for the bank on the morning of the robbery. And, inexplicably, DeCicco never returned to work at the business that was owned and operated by the victim and her family. Given these facts, it is clear that any error pertaining to the composite sketch testimony was harmless beyond a reasonable doubt, and did not have the capacity to affect the outcome of the trial, or to produce an unjust result . . .

State v. Abughaida, Docket No. A-6174-03T1 slip op., pp. 15-18 (N.J. Super., App. Div., March 8, 2006) (citations omitted).

The Supreme Court has emphasized that "the Due Process Clause does not permit the federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules." Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983). In Estelle v. McGuire, 502 U.S. 62 (1991), the Supreme Court held that the state court's admission in petitioner's trial for murdering his infant daughter of the testimony of two physicians that the child had suffered child abuse

11

(evidence of rectal tearing that was six weeks old and rib fractures that were seven weeks old) did not violate due process because the evidence was relevant to intent.  "The evidence of battered child syndrome was relevant to show intent, and nothing in the Due Process Clause of the Fourteenth Amendment requires the State to refrain from introducing relevant evidence simply because the defense chooses not to contest the point.  Concluding, as we do, that the prior injury evidence was relevant to an issue in the case, we need not explore further the apparent assumption of the Court of Appeals that it is a violation of the due process guaranteed by the Fourteenth Amendment for evidence that is not relevant to be received in a criminal trial.  We hold that McGuire's due process rights were not violated by the admission of the evidence." Id. at p. 70.

To be sure, the United States Court of Appeals for the Third Circuit has held that the admission of evidence may violate due process where the evidence "undermine[d] the fundamental fairness of the entire trial." Keller v. Larkins, 251 F. 3d 408, 413 (3d Cir. 2001); see also Lesko v. Owens, 881 F. 2d 44, 51 (3d Cir. 1989) ("the erroneous admission of evidence that is relevant, but excessively inflammatory, might rise to the level of a constitutional violation"); Bisaccia v. Attorney General, 623 F. 2d 307, 313 (3d Cir. 1980) (when "the probative value of . . . evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission, then use of such evidence by a state may rise to the posture of fundamental fairness and due process of law").  However, this Court is not aware of any Supreme Court case clearly establishing that the admission of admissible but prejudicial evidence constitutes a violation of federal constitutional rights, and relevant Supreme Court case law

suggests the contrary.[5]  See, e.g., Estelle, 502 U.S. at 70 (rejecting due process challenge to admission of evidence of prior injuries in a trial for infant murder); Spencer v. Texas, 385 U.S. 554 (1967) (rejecting due process challenge to admission of evidence of prior similar crimes when judge gives limiting instruction).  Because the admission of the testimony regarding Petitioner's resemblance to the composite sketch was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court, Petitioner is not entitled to habeas relief under Ground One.  See Minett v. Hendricks, 135 Fed. Appx. 547 (3d Cir. 2005) (rejecting claim that admission of "other crimes" evidence is contrary to or an unreasonable application of clearly established Supreme Court precedent).

B.  Failure to Instruct on Lesser Included Offense of Theft

In Ground Two, Petitioner contends that "THE TRIAL COURT VIOLATED PETITIONER'S CONSTITUTIONAL RIGHT [ TO A FAIR TRIAL] BY FAILING TO CHARGE THE LESSER-INCLUDED OFFENSE OF THEFT."  (Pet. ¶ 12, Ground Two.)  In his Appellate Division brief, Petitioner argued that due process required that the jury be instructed on the lesser included offense of theft because the evidence presented a question whether Petitioner's act of inflicting bodily injury and/or using force occurred in the course of committing a theft.  Respondents argue that Petitioner is not entitled to habeas relief on Ground Two because the state courts concluded that there was no rational basis to charge the lesser included offense of theft.

---

[5] The federal cases on which Petitioner relied in his state appellate brief are inapplicable because these cases concerned the admissibility of evidence in a federal criminal prosecution under the Federal Rules of Evidence.  See, e.g., United States v. Holmes, 229 F. 3d 782, 788-89 (9th Cir. 2000); United States v. Begay, 42 F. 3d 486, 502 (9th Cir. 1994); United States v. Stormer, 938 F. 2d 759 (7th Cir. 1991).

Petitioner presented Ground Two to the Appellate Division on direct appeal. The Appellate Division rejected the claim:

> In this case, after evaluating the evidence, the trial court concluded that there was no rational basis for the jury to acquit defendant of robbery and find him guilty of theft from the person. As indicated by the trial court, "theft from the person doesn't fit because there is no position here, no testimony, that would indicate there was no force used."
>
> \*            \*            \*
>
> In this case, however, the victim explained to the jury how she struggled with defendant for five to ten seconds before the defendant succeeded in taking the box of money from her. Given the victim's uncontradicted testimony regarding the events that transpired, we agree with the trial court's analysis - there was no rational basis to charge the lesser-included offense of theft from the person.

State v. Abughaida, Docket No. A-6174-03T1 slip op., pp. 18, 19.

The failure to give the lesser-included crime instruction for theft was not contrary to, or an unreasonable application of, Supreme Court precedent because (1) the Supreme Court has never held that the Due Process Clause guarantees the right of a defendant to have the jury instructed on a lesser included offense in a non-capital case, and (2) the lesser included offense instruction is constitutionally required in a capital case only when warranted by the evidence, and the Appellate Division in this case held that the requested lesser included offense charge was not supported by the evidence.

The Supreme Court held in Beck v. Alabama, 447 U.S. 624 (1980), that, "when the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense - but leaves some doubt with respect to an element that would justify conviction of a capital offense - the failure to give the jury the 'third option' of convicting on a lesser included offense would

14

seem inevitably to enhance the risk of an unwarranted [capital] conviction" in violation of Due Process.  Id., 447 U.S. at 637.  However, the Supreme Court has not extended Beck to non-capital cases.  In Gilmore v. Taylor, 508 U.S. 333, 342 (1993), the Supreme Court noted that, "[o]utside of the capital context, we have never said that the possibility of a jury misapplying state law gives rise to federal constitutional error.  To the contrary, we have held that instructions that contain errors of state law may not form the basis for federal habeas relief."  In Schad v. Arizona, 501 U.S. 624 (1991), the Supreme Court held that, where a jury was given a choice between finding the defendant guilty of capital murder and the lesser included non-capital offense of second-degree murder, due process did not entitle the defendant to a jury instruction on the lesser included offense of robbery.  "The goal of the Beck rule, in other words, is to eliminate the distortion of the factfinding process that is created when the jury is forced into an all-or-nothing choice between capital murder and innocence.  This central concern of Beck simply is not implicated in the present case, for petitioner's jury was not faced with an all-or-nothing choice between the offense of conviction (capital murder) and innocence."  Schad, 501 U.S. at 646-47 (citations and internal quotation marks omitted).  Because the jury was not forced to choose between convicting Petitioner of capital murder and setting him free, Supreme Court precedent did not require the instruction on the lesser included offense of theft.

      Second, Supreme Court precedent holds that a lesser included offense instruction is required only if supported by the evidence, and the Appellate Division determined on direct appeal that the theft instruction was not supported by the evidence.  In Hopper v. Evans, 456 U.S. 605 (1982), the Supreme Court clarified that "due process requires that a lesser included offense instruction be given [in a capital case] *only* when the evidence warrants such an instruction."  See

also Kontakis v. Beyer, 19 F. 3d 110, 119 (3d Cir. 1994) ("Nothing in Beck permits us to grant habeas relief when a state court refuses to charge a jury that it may convict a defendant for an offense when under state law the evidence could not justify the conviction").

Habeas relief on Ground Two is not warranted because the failure to give an instruction on the lesser included offense of theft was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court.

C.  Blakely Claim

In Ground Three, citing Blakely v. Washington, 542 U.S. 296 (2004), United States v. Booker, 543 U.S. 220 (2005), and State v. Natale, 184 N.J. 458 (2005), Petitioner asserts that the sentence imposed violated the Sixth Amendment because it was based on aggravating factors not proved to a jury beyond a reasonable doubt.[6]

---

[6] The Supreme Court's decision in Blakely evolved from Apprendi v. New Jersey, 530 U.S. 466 (2000).  In Apprendi, the Supreme Court determined that Apprendi had a constitutional right to have a jury, rather than a judge, find bias because the finding was necessary to support an enhanced sentence under the New Jersey hate crimes law.  The Supreme Court reversed Apprendi's sentence pursuant to the principle that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."  Apprendi, 530 U.S. at 476 (quoting Jones, 526 U.S. at 243 n.6).  In 2002, the Supreme Court held in Ring v. Arizona, 536 U.S. 584 (2002), that imposition of the death penalty under Arizona law violated Apprendi because the trial judge determined the presence or absence of aggravating factors required by Arizona law for imposition of the death penalty.  Ring, 536 U.S. at 602.  In 2004, the Blakely Court determined that application of Washington's sentencing guidelines violated the defendant's rights under Apprendi because "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."  Blakely, 124 S.Ct. at 2537 (emphasis in original).  In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court determined that application of the Federal Sentencing Guidelines violates the Sixth Amendment because the guidelines require the judge to enhance the sentence based on the judge's determination of facts that were not found by the jury or admitted by defendant.  In Natale, the New Jersey Supreme Court applied Blakely to New Jersey's Code of Criminal Justice.

16

However, because Petitioner prevailed on this claim in the Appellate Division and he was resentenced in accordance with the discretion of the Law Division judge, no further relief could be granted. Specifically, the Appellate Division found as follows on direct appeal:

> Defendant also contends that the nine-year prison sentence he received for second-degree robbery is unconstitutional. We need not analyze this issue, however, because the State conceded at oral argument that a remand is appropriate in light of recent decisions. See State v. Natale, 184 N.J. 458 (2005) . . . .

State v. Abughaida, Docket No. A-6174-03T1 slip op., p. 20. Because Petitioner won on Ground Three in the Appellate Division and he was resentenced according to the discretion of the Law Division, habeas relief is not available on Ground Three.

B.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition and denies a certificate of appealability.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

Dated: May 21, 2008